# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE A. HURTADO,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No:  6:20-cv-475-Orl-40DCI**

**RADIXX INTERNATIONAL,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 2)** |
| **FILED:** | **March 17, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

### I. Background

On March 17, 2020, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983.  Doc. 1. Plaintiff alleges that Defendants violated his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  *Id*. at 3.  Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (the Motion).  Doc. 2.

### II. Discussion

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks

leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[1] The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court is under no duty to rewrite the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

With respect to the application to proceed as a pauper, the Court cannot determine at this juncture if Plaintiff is entitled to relief. Plaintiff has a significant amount of money in his bank account, but also lists debt and a number of monthly expenses. *See* Doc. 2. Plaintiff has submitted the short form with regard to the application and completion of the long form may assist the Court in ruling on the request.

Further, the Complaint does not state a claim or comply with the basic pleading requirements of the Federal Rules of Civil Procedure, and, thus, as discussed below, is due to be dismissed with leave to file an amended complaint. The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  The pleading must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).

Here, instead of stating the facts, Plaintiff directs the Court to refer to the documents attached to the Complaint to determine the substance of the claims.  Doc. 1 at 5.  Plaintiff was concerned that the Office of the Clerk of Court may close due to health concerns.  *Id*.  Even so, Plaintiff is required to submit a complaint that complies with the Rules to allow the Court to conduct a meaningful review.  While attachments to a Complaint are permitted, the Court will not go through exhibits to compile the pleadings on behalf of the Plaintiff.

### III.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 2) is **DENIED without prejudice**;
2. The Complaint (Doc. 1) is **DISMISSED without prejudice**;
3. **On or before April 5, 2020, Plaintiff may file an amended complaint. As described in the Middle District's Guide for Proceeding Without a Lawyer which can be found on the Court's website, Plaintiff may file the amended complaint and other court documents by mail.  If Plaintiff files the amended pleading, he shall comply with the following instructions:**
    a. Plaintiff shall specifically list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case;
    b. Plaintiff shall specifically plead a short and plain statement of the facts and basis for the Court's jurisdiction;

    c. To the extent Plaintiff is raising more than one claim, Plaintiff shall set forth each claim in a separate count;

    d. Plaintiff shall specifically plead a short and plain statement of the facts by stating what each Defendant did that caused Plaintiff harm or violated Plaintiff's rights, including the dates and places of that conduct;

    e. Plaintiff shall show how he has been damaged or injured by each Defendant's actions and/or omissions;

    f. Plaintiff shall set forth a clear statement of the relief sought for each claim;

    g. The amended complaint must include all of Plaintiff's claims in this action, and shall not refer back to the Complaint;

    h. Plaintiff shall not solely rely upon attachments to the amended complaint for purposes of stating a valid claim;

    i. Plaintiff shall file the amended complaint with the Clerk's office;

4. **Failure to comply with the above requirements may result in a recommendation that the case be dismissed without further warning**;

5. **At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using the approved <u>long form</u> or shall pay the full filing fee. Failure to file an amended complaint and to renew the motion to proceed *in forma pauperis* or pay the full filing fee within the time provided may result in a recommendation that the case be dismissed without further warning**;

6. Plaintiff shall also immediately advise the Court of any change of address that occurs during the course of this case. He shall entitle the paper "Notice to the Court of

Change of Address" and not include any motions or otherwise request any relief therein. This notice shall contain only information pertaining to the address change and the effective date of the change. **Failure to inform the Court of an address change may result in a recommendation that the case be dismissed without further warning**; and

7. **The Clerk is directed to send a copy of this order to Plaintiff by regular mail.**

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record and Unrepresented Parties